IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Dana Thomas, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No. |
| | ) | |
| v. | ) | |
| | ) | |
| Centene Management Company, LLC | ) | |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

COMES NOW, Plaintiff Dana Thomas ("Plaintiff" or "Ms. Thomas"), by and through her counsel, and brings this *Complaint* for damages against Defendant Centene Management Company, LLC (collectively, "Defendant" or "Centene").

## I. Introduction

1. Plaintiff Dana Thomas was employed by Defendant Centene as a Concurrent Review Nurse starting in May 2019. Centene imposed a workload on Ms. Thomas and other similarly situated employees that could not have been completed within a 40-hour workweek. Nevertheless, Centene management personnel instructed Ms. Thomas and others to submit time records only

reflecting 40 hours of work per week.  At the same time, Centene management were aware Ms. Thomas and others had to work many additional hours "off the clock" each week to complete their assignments.  During this off-the-clock work, Ms. Thomas and others were logged into Centene's patient database and communications systems, and they exchanged emails and other electronic messages with Centene management.

2. Centene did not pay Ms. Thomas and other similarly situated nurses time-and-a-half for every hour worked over 40 hours in a workweek, thereby violating the overtime requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  As a consequence of this off-the-clock work, for which Ms. Thomas and others were not paid, Centene owes Ms. Thomas and others considerable overtime wages and liquidated damages.

## II.   Jurisdiction and Venue

3. The Court has subject matter jurisdiction over this action, which arises under federal statutory law.

4. Venue is proper in this district and division, as the wrongs giving rise to Ms. Thomas's claims took place herein.

### III.  Parties

5.  Ms. Thomas is a resident of Cobb County, Georgia.  She submits herself to the jurisdiction of this Court.

6.  Ms. Thomas worked for Centene from May 2019 until July 2021 as a concurrent review nurse.

7.  Ms. Thomas's written consent to join this FLSA collective action is attached as Exhibit A to this Complaint.

8.  Defendant Centene Management Company, LLC is a Wisconsin Limited Liability Company with its primary place of business in St. Louis, Missouri.

9.  Centene is registered with the Georgia Secretary of State Corporations Division as a Foreign Limited Liability Company.  Centene's Georgia Registered Office Address is in Gwinnett County, Georgia.

10.  Centene regularly conducts business in the State of Georgia.

11.  Centene is engaged in "commerce" as defined by 29 U.S.C. § 203, and it has a gross volume business of not less than $500,000 per year.

12.  At all times relevant to this action, Centene was an "employer" of Ms. Thomas and other similarly situated nurses within the meaning of the FLSA.

13. At all times relevant to this action, Ms. Thomas and other similarly situated nurses were "employees" of Centene within the meaning of the FLSA.

14. At all times relevant to this action, Centene "employed" Ms. Thomas and other similarly situated nurses within the meaning of the FLSA.

## IV.   Facts

15. Throughout her full-time employment with Centene, Ms. Thomas and other similarly situated employees regularly worked more than 40 hours per workweek.

16. For example, the workweek of April 12, 2020 through April 18, 2020, Ms. Thomas worked approximately 70 hours.

17. Despite Ms. Thomas's and others' long hours of work, Centene never paid them overtime at a rate of time and a half of their regular hourly rate for every hour they worked above 40 hours in a single workweek.

18. Instead, Centene management discouraged Ms. Thomas and other similarly situated employees from recording overtime hours in Centene's timekeeping system.

19. The workload Centene imposed on Ms. Thomas and other similarly situated nurses could not be completed in a 40-hour workweek.

## V.     FLSA Collective Action Allegations

20.     Plaintiff brings her FLSA claims on behalf of herself and those individuals who may opt into this action pursuant to 29 U.S.C. § 216(b) and who were not paid required wages at the Defendant's operations between October 4, 2018 and the date of preliminary approval of the opt-in class.

21.     Plaintiff and other concurrent review nurses were subject to the same policies and practices of the Defendant.

22.     Plaintiff and other concurrent review nurses worked at Defendant's office in Atlanta, Georgia, though they did much of the off-the-clock work outside of the office.

23.     Common proof applicable to Plaintiff and the other concurrent review nurses in this location will show that Defendant failed to properly pay overtime wages to Plaintiff and other similarly situated concurrent review nurses.

24.     Plaintiff is currently unaware of the identities of all of the employees who would be members of the FLSA opt-in class, but this information is readily ascertainable from Defendant's records.  Defendant therefore should be required to provide Plaintiff with a list—including last known addresses, telephone numbers, and email addresses—of all individuals who (1) were concurrent

review nurses and (2) were employed at or through Defendant's Atlanta, Georgia office between October 4, 2018 and the present.

### VI. Legal Claim

### Count I

### Violations of the FLSA

25. By this reference, Plaintiff incorporates the above factual statements as if fully stated herein.

26. Defendant willfully and intentionally failed to pay Plaintiff and other similarly situated nurses who opt into this action overtime at a rate of at least one-and-a-half times the legally required wage for every hour they worked above 40 hours in a workweek between October 4, 2018 and the present.

27. Defendants' failure to pay overtime premiums violates the FLSA, 29 U.S.C. § 207(a), and its implementing regulations.

28. Further, Section 211 of the FLSA further requires employers to keep accurate records of data related to their employees' "wages, hours, and other conditions and practice of employment." 29 U.S.C. § 211(a), (c).

29. Upon information and belief, Defendants failed and/or refused to document the hours Plaintiff and other concurrent review nurses worked each workweek.

30. Plaintiff and other similarly situated concurrent review nurses who opt into this action are therefore entitled to their unpaid overtime premiums, plus an equal amount in liquidated damages, as a consequence of Defendant's unlawful acts and omissions, in accordance with 29 U.S.C. § 216(b).

### VII.     Prayer for Relief

**WHEREFORE**, Plaintiff, and those similarly situated, pray that this Court enter an order:

a. assuming jurisdiction over this action;

b. declaring this action to be maintainable as a FLSA collective action pursuant to 29 U.S.C. § 216, allowing Plaintiff to provide notice of this action to potential opt-in plaintiffs, and allowing those eligible similarly situated nurses who choose to do so to opt-in to this action;

c. declaring that the Defendant violated the FLSA;

d. permanently enjoining Defendant from further violations of the FLSA;

e. granting judgment to Plaintiff, and to other similarly situated workers who opt in pursuant to 29 U.S.C. § 216(b), on their FLSA claims and awarding each of them their unpaid minimum wages and overtime premiums plus an equal amount in liquidated damages;

    f. awarding prejudgment and postjudgment interest as allowed by law;

    g. awarding Plaintiff and other similarly situated nurses their costs and reasonable attorneys' fees; and

    h. granting such further relief as this Court finds just.

Respectfully submitted this 4th day of October, 2021,

                                            */s/ Daniel Werner*
                                            Daniel Werner
                                            Georgia Bar No. 422070
                                            dan@decaturlegal.com
                                            Regan Keebaugh
                                            Georgia Bar No. 53500
                                            regan@decaturlegal.com
                                            RADFORD & KEEBAUGH, LLC
                                            315 W. Ponce de Leon Ave.
                                            Suite 1080
                                            Decatur, Georgia 30030
                                            (678) 271-0300

                                            *Attorneys for Plaintiff*

## CERTIFICATE OF FONT

This is to certify that on October 4, 2021, I prepared the foregoing Complaint in Book Antiqua, 13-point type in accordance with L.R. 5.1(C).

/s/ Daniel Werner
Daniel Werner
Attorney for Plaintiff